IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

University of Toledo Physicians, LLC, et al.,

Plaintiffs,

-vs-

Medical Mutual of Ohio,

Defendant.

Case No. 3:09 CV 1220

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

This matter is before this Court on a prior Order (Doc. No. 3) inviting briefs (Doc. Nos. 6-7) on the issue of this Court's jurisdiction. Also before the Court is Plaintiffs' Motion to Remand (Doc. No. 8). Defendant filed a Motion to Dismiss (Doc. No. 5) based on preemption under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Plaintiffs are a group of physicians who sued Medical Mutual in Lucas County Common Pleas Court, alleging Defendant breached a "Participation Agreement" (Doc. No. 1, Ex. A, Ex. 1) by failing to reimburse Plaintiffs at the agreed-upon rate for services performed on Defendant's insureds.

In its Notice of Removal (Doc. No. 1), Defendant cites ERISA as the basis for federal question jurisdiction, even though Plaintiffs never reference ERISA in their Complaint (Doc. No. 1., Ex. A).

> Defendant argues:
>
> Plaintiffs allege . . . that they were denied full and complete payment by MMO under a Participation Agreement that allegedly obligated MMO to pay Plaintiffs for services rendered by Plaintiffs to participants covered by certain MMO medical insurance policies and/or employment benefit plans. * * * An employer-provided medical insurance plan constitutes an employee welfare benefit plan under ERISA. See 29 U.S.C. § 1002(1).

(Doc. No. 1 ¶ 4). To support removal, Defendant cites 29 U.S.C. § 1002(1) which states that an employer-provided medical insurance plan is included in the definition of an "employee welfare benefit plan" under ERISA. Relying on this definition, Defendant claims there is federal jurisdiction because Plaintiffs seek payment under the Participation Agreement for patients who may have been insured under an "employer-provided medical insurance plan."

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases over which district courts have original jurisdiction is federal question cases, which are those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. An exception to the well-pleaded complaint rule occurs when a federal statute completely preempts the plaintiff's claim. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) (holding that when a federal statute wholly displaces the state-law cause of action through complete preemption, the state claim can be removed). This is because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

2

The Court concludes this dispute does not raise ERISA questions such that Defendant can invoke federal question jurisdiction, nor does ERISA preempt Plaintiffs' claims. This is a dispute about the contract between Plaintiffs and Defendant; not between Defendant and its insureds. The dispute here does not involve or require the interpretation of an ERISA plan. Furthermore, Plaintiffs are not plan participants or beneficiaries.

In *Ward v. Alternative Health Delivery Sys., Inc.*, 261 F.3d 624, 627 (6th Cir. 2001), plaintiff, a chiropractor, filed a breach of contract claim in state court alleging that defendant, a medical care provider, unjustifiably lowered the reimbursement rate for chiropractors in their network (plaintiff was a network participant). Defendant attempted to dismiss the case, citing ERISA preemption, and plaintiff chiropractor then attempted to add ERISA claims. Defendant next removed the case to federal court. The district court granted defendant's motion to dismiss both the ERISA claims and the state law claims, specifically finding plaintiff's state law claims were preempted by ERISA. The Sixth Circuit reversed and remanded the state law claims back to state court, holding that the fact that plaintiff may have been entitled to payment from a health maintenance organization as result of her clients' participation in the employee plan did not make her a "beneficiary" for purpose of ERISA standing. *Id.*

More directly on point is *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999), where the court considered "whether the claims of medical providers against a health care plan for breach of their provider agreements are preempted by [ERISA]." *Id.* at 1047. The dispute centered around changes by Blue Cross to the fee schedules outlined in provider agreements. Mirroring Defendant's argument here, Blue Cross' "overriding contention [was] that the Providers' right to receive reimbursement from Blue Cross depends upon the assignment of the right

3

to benefits for payment for medical services from their patients, some of whom are beneficiaries of ERISA-covered health plans, and therefore that the Providers' claims regarding the fee provisions in their provider agreements are claims for benefits under the terms of ERISA benefit plans and fall within § 502(a)(1)(B)," which permits plan participants or beneficiaries to recover benefits due under an ERISA plan. *Id.* at 1050. Because the providers' claims did not arise under ERISA and did not implicate ERISA preemption, the court concluded it lacked subject matter jurisdiction: "[T]he Providers' claims arise from Blue Cross' alleged breach of the provider agreements' provisions regarding fee schedules, and the procedure for setting them, not what charges are 'covered' under the [employee benefits plan]." *Id.* at 1051. Blue Cross also argued the claims were preempted by ERISA's express preemption clause, found at 29 U.S.C. § 1144(a). The court held that the state law claims did not implicate ERISA preemption because "[t]he state law that the Providers invoke does not create an alternative enforcement mechanism for securing benefits under the terms of ERISA-covered plans." *Id.* at 1054.

The outcome might be different in the instant case if Plaintiffs alleged that they received a valid assignment of ERISA benefits. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991). But Plaintiffs make no such claim in their Complaint. Plaintiffs do not cite to the terms of employee benefit plans between Defendant and insureds as the basis of their breach of contract claim, nor do Plaintiffs purport to exercise any of their patients' rights under ERISA. Rather, Plaintiffs cite solely to the Participation Agreement. Even if Plaintiffs' recovery may rest upon a patient's participation in an employee plan, that fact alone does not make Plaintiffs beneficiaries or participants in the plan.

4

Because the Court finds it lacks federal question jurisdiction, the Court remands this case back to the Lucas County Court of Common Pleas, and correspondingly grants Plaintiffs' Motion to Remand (Doc. No. 8) and denies Defendant's Motion to Dismiss (Doc. No. 5).

IT IS SO ORDERED.

                                                              s/ *Jack Zouhary*
                                                         JACK ZOUHARY
                                                         U. S. DISTRICT JUDGE

                                                         June 25, 2009